UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JOHN LAMPARA,** | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO: |
| | ) | |
| **BRISTOL-MYERS SQUIBB AND COMPANY;** | ) | **04 12343 DPW** |
| | ) | |
| Defendant. | ) | |

RECEIPT #_____
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. MP
DATE 11/4/2004

MAGISTRATE JUDGE JLA

### COMPLAINT AND JURY CLAIM

### THE PARTIES

1. The plaintiff, **John Lampara,** at all relevant times, resided in Townsend, Massachusetts, and is a man who has suffered injuries as a result of having ingested Stadol®, a brand of butorphanol tartrate, prescribed as a painkiller. The Defendant, by its actions or inactions, proximately caused plaintiff's injuries.

2. Defendant, **Bristol – Myers Squibb and Company,** is a Delaware Corporation, with its principal place of business in New York City, New York.

### JURISDICTIONAL ALLEGATIONS

3. The amount in controversy, as to each plaintiff, is in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of costs and interest.

4. There exists complete diversity of citizenship of all appropriate parties herein and jurisdiction is vested in this Court, under 28 U.S.C. § 1332.

5. This action is venued in the District of Massachusetts, inasmuch as the Defendant does significant business in this state, and the product was consumed in this state.

6. Plaintiff **John Lampara** referred to hereinbelow, as "plaintiff."

## COUNT ONE

7. At all times relevant hereto, Defendant designed, tested, manufactured, promoted, sold and distributed a product marketed as Stadol NS®, which was a nasally sprayed painkiller.

8. The defendant owed a duty to the plaintiffs to design, test, manufacture, promote, warn of dangers, sell and distribute so in a reasonable manner.

9. The defendant breached the duties owed to the plaintiffs by their negligence.

10. The breaches alleged in the preceding paragraph caused harm to the plaintiffs.

11. The principal plaintiffs suffered certain pecuniary and non-pecuniary damages, as a result of the negligent actions of the defendant.

## COUNT TWO

12. The Plaintiff repeats and realleges each of the prior paragraphs, as if particularly set forth herein, and adds the following.

13. Defendant is strictly liable to the plaintiffs, for its breaches of implied and express warranty of fitness for use.

## COUNT THREE

14. Plaintiff repeats and realleges each of the prior paragraphs, as if particularly set forth herein, and adds the following.

15. The defendant negligently failed to impart an adequate warning to the plaintiff, relative to the risks attendant to the ingestion of Stadol NS.

**WHEREFORE,** the principal plaintiff prays that this Honorable Court, award him damages in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, together with appropriate Punitive Damages, Costs and such other relief as this Court shall deem just and proper.

Dated: November 3, 2004.

> The Plaintiffs,
> by their attorneys,
>
> _____
> Michael R. Hugo, Esq. BBO #243890
> LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS, LC.
> 95 Commercial Wharf
> Boston, MA 02109
> (617) 973-9777